**Betty MEYER and her husband, John E. Meyer, Appellants,**

v.

**William M. REGAN, Executor of the Estate of Jessie Maude Stephenson, deceased, Appellee.**

Court of Appeals of Kentucky.

May 24, 1957.

Clyde E. Vincent, Covington, for appellant.

Harry K. Aurandt, Covington, for appellee.

CLAY, Commissioner.

This action was brought by William Regan, executor of the estate of Jessie Maude Stephenson, to set aside two deeds executed by Mrs. Stephenson in favor of her foster granddaughter, Betty Meyer and her husband. The jury found for the plaintiff, and the deeds were adjudged void.

While many questions are raised on this appeal, we gather the principal contention is that the defendants were entitled to a directed verdict.

Mrs. Stephenson, at the time she executed the two conveyances in question, was residing in a rest home for the aged. She was eighty-six years old. Three nurses who attended her at the home, and her physician, testified for the plaintiff. Their testimony was to the effect that Mrs. Stephenson was in a state of advanced senility and that this condition grew steadily worse from the time she entered the home some two months before the execution of the deeds until her death some five months after the conveyances were made. The nurses testified that at the time the deeds were executed Mrs. Stephenson required constant attention. She could not remember anything. She did not recognize the people who attended her. She would have to be told when to eat. If she left her room she could not find her way back. She was very cooperative and would do anything she was told to do, but after having done it, she would have no recollection of it. The picture painted by

the plaintiff's witnesses—particularly by the nurses—is one of a person whose mental capacity was rapidly declining.

The defendants' evidence was to the effect that Mrs. Stephenson was in complete command of her mental faculties. The story of the defense is that Mrs. Stephenson was upset because Regan, who was her grandson and in whose home she had been living before she entered the rest home, had sent her there. Some four months before she was sent to the home, Mrs. Stephenson had made her will wherein she left all her property to Regan. It was to prevent Regan from getting all her property, said the defendants, that Mrs. Stephenson suggested to them that she convey the property in question to them.

By way of argument the defendants point out that the plaintiff must admit that six months before these conveyances were executed—when Mrs. Stephenson executed her will—she was of sound mind. It is not reasonable, they say, to suggest that Mrs. Stephenson could have been rendered mentally incompetent in such a short time. However, this argument seems to have been answered by Mrs. Stephenson's doctor. He testified that in cases of senility, the deterioration can be a rapid thing.

On the question of whether Mrs. Stephenson lacked the mental capacity to make a deed, a clear cut issue for the jury was presented. The verdict finds ample support in the evidence and should not be disturbed.

Defendants further contend that plaintiff failed to prove his capacity to sue and failed to introduce in evidence the will under which he was sole beneficiary. Defendants' pleadings, however, admitted the appointment and qualification of plaintiff as executor and also the probate of the will. These facts being admitted, there was no reason for the plaintiff to introduce proof with respect thereto. If the provisions of the will were pertinent to the defense, the defendants should have introduced it in evidence.

The judgment is affirmed.